Pages 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. CR 20-0037 VC |
| | ) | |
| DAVID AN, | ) | |
| | ) | |
| Defendant. | ) | San Francisco, California |
| _____ | ) | |

Tuesday, February 25, 2020

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          DAVID L. ANDERSON
                        UNITED STATES ATTORNEY
                        United States Attorney
                        450 Golden Gate Avenue, 11th Floor
                        San Francisco, California  94102
                 BY:  **BENJAMIN KINGSLEY**
                      **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:          ARENT FOX
                        1717 K Street NW
                        Washington, D.C.  20006
                 BY:  **PETER R. ZEIDENBERG, ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
              Official Reporter, U.S. District Court

**Tuesday - February 25, 2020**                                    **3:09 p.m.**

<u>P R O C E E D I N G S</u>

**THE CLERK:**  Calling Case No. 20-CR-00037, USA versus David An.  Counsel, please step forward and state your appearances for the record.

**MR. KINGSLEY:**  Good afternoon, Your Honor, again.  Ben Kingsley for the United States.

**THE COURT:**  Good afternoon again.

**MR. ZEIDENBERG:**  Good afternoon, Your Honor.  Peter Zeidenberg for Mr. An, who is present.

(Defendant present, not in custody)

**THE COURT:**  Good afternoon.  Good afternoon, Mr. An.

**THE DEFENDANT:**  Yes.

**THE COURT:**  So this is on for a change of plea.

I did notice some typos in the plea agreement.  Has anybody proofread this?  At least, the electronic version that I received.

Has anybody given this a careful proofread?

**MR. ZEIDENBERG:**  I thought that I had, Your Honor.

**THE COURT:**  All right.  Well, let me -- let me flag a couple.  First on Page 3.

(Off-the-Record discussion between counsel)

**THE COURT:**  Line 3.  Says "I explained he" bracket "I."

**MR. ZEIDENBERG:**  Yes.

1           **THE COURT:**  What's that supposed to be?

2           **MR. ZEIDENBERG:**  It should be I, Your Honor.

3           **MR. KINGSLEY:**  That's right, Your Honor.

4           **THE COURT:**  (As read) "So, so I needed a backup plan,

5    I explained I would email the signed lease to my friend?"

6           **MR. ZEIDENBERG:**  Correct.

7           **MR. KINGSLEY:**  Yep.

8           **THE COURT:**  Okay.

9           **THE CLERK:**  Any changes made, all three parties need

10   to sign it.  Or just initial it.

11          **MR. KINGSLEY:**  Yeah, we will.

12          **MR. ZEIDENBERG:**  We will initial.

13          **THE COURT:**  And then on Page 4, Paragraph 6, it says,

14   "I agree not to ask the Court to withdraw my guilty plea at any

15   time after it's entered other than provided in Paragraph 14."

16      And I think that meant to say "Paragraph 15."  Right?  Or

17   16, maybe.

18          **MR. ZEIDENBERG:**  I think that's right, Your Honor.

19   If I may just have one moment?

20          **MR. KINGSLEY:**  I think it should be Paragraph 16,

21   Because it's the diversionary provision.  Yeah, that's right.

22          **THE COURT:**  Let me flip through it again just to see

23   if there was anything else that I thought -- I thought there

24   was something else.  But I'm not finding it right now.

25      Hold on.

1          (Off-the-Record discussion between counsel)

2          **THE COURT:**  So I guess this case is here in the

3    Northern District of California.  The hook is just that there

4    was this friend in San Jose who was involved in the signing of

5    this lease?

6          **MR. KINGSLEY:**  That's for the -- the particular

7    charge, yes, though I think there's a venue waiver in the plea

8    agreement.  The investigation was here, anyway.  And is

9    broader, perhaps, than what the charges are in the plea

10   agreement.

11         **THE COURT:**  Okay.

12         **MR. KINGSLEY:**  But at least that's an important hook

13   for the plea agreement the Court is looking at right now.

14         **THE COURT:**  Okay.  But you said there was a venue

15   waiver anyway?

16         **MR. KINGSLEY:**  Yes.

17         **THE COURT:**  Okay.

18      (The Court examines document)

19      (Counsel sign document)

20         **MR. KINGSLEY:**  We have the executed plea agreement.

21         **THE COURT:**  Okay.  I don't -- I'm not seeing anything

22   else at the moment.

23      (Document handed up to the Court)

24         **THE COURT:**  So this is a plea agreement, and you are

25   contemplating a three-year diversion period, which, if

1   completed successfully in the eyes of the government, could

2   give Mr. An the ability to withdraw his guilty plea at the end

3   of the period.  Right?

4          **MR. KINGSLEY:**  That's correct, Your Honor.

5          **THE COURT:**  Okay.

6          **MR. KINGSLEY:**  And there's the one thing, and we can

7   cover this as we go through the plea colloquy.  There's

8   specific provisions in the diversionary agreement.  And at

9   least part of it survives the diversionary term.  Part of the

10  defendant's obligations.

11         **THE COURT:**  Talk to me about that.

12         **MR. KINGSLEY:**  So, under -- if you look at Paragraph

13  12, which says "I agree to the following terms of diversion."

14     The last sentence also says:  "I further agree that I will

15  not apply for a United States security clearance for the United

16  States government or any other employer after the three-year

17  diversion period expires."

18         **THE COURT:**  Okay.  So the part about applying for a

19  position with the U.S. government, that does not survive the

20  three-year diversion period, but the part about applying for a

21  security clearance does.  Is that right?

22         **MR. KINGSLEY:**  That's correct.  That's my

23  understanding of the agreement.

24         **THE COURT:**  Okay.

25         **MR. KINGSLEY:**  Is that right, Mr. Zeidenberg?

1          **MR. ZEIDENBERG:**  Yes, Your Honor.

2          **THE COURT:**  All right.  Sounds good.

3      So, so Mr. An, I need to ask you a series of questions.

4  And you need to answer those questions under oath.  So I will

5  ask the courtroom deputy to administer the oath now.

6          **THE DEFENDANT:**  Yes.

7      (Defendant placed under oath)

8          **THE CLERK:**  Thank you.

9          **THE COURT:**  Okay.  So Mr. An, now that you are under

10  oath, if you answer any of my questions falsely, the government

11  could bring additional charges against you for perjury or for

12  making false statements.

13      Do you understand that?

14          **THE DEFENDANT:**  Yes.

15          **THE COURT:**  Okay.  If my questions start coming too

16  fast, or if you don't understand something and you need me to

17  repeat, or if you need to call time-out and talk to your

18  lawyer, please don't hesitate to do any of those things.

19          **THE DEFENDANT:**  (Nods head)

20          **THE COURT:**  This is not a speed test.  There is no

21  penalty for slowing the process down.  The only important thing

22  is that you fully understand everything that we discuss here

23  today.  Okay?

24          **THE DEFENDANT:**  Yes.

25          **THE COURT:**  All right.  What is your full name?

 1          **THE DEFENDANT:**  David Tawei An, A-N.

 2          **THE COURT:**  Okay.  And counsel, do you want to maybe

 3  move the microphone a little closer to Mr. An so he doesn't

 4  have to lean so much?

 5      (Request complied with by Mr. Zeidenberg)

 6          **THE COURT:**  Thanks.

 7      And are you a U.S. citizen?

 8          **THE DEFENDANT:**  Yes.

 9          **THE COURT:**  Where were you born?

10          **THE DEFENDANT:**  Taipei, Taiwan.

11          **THE COURT:**  Okay.  But you are naturalized here in

12  the United States?

13          **THE DEFENDANT:**  Yes.

14          **THE COURT:**  How old are you?

15          **THE DEFENDANT:**  I am 40 years old.

16          **THE COURT:**  And how far did you go in school?

17          **THE DEFENDANT:**  I am currently writing my Ph.D.

18  dissertation at Catholic University.

19          **THE COURT:**  Are you currently under the influence of

20  any drug or medication or alcoholic beverage?

21          **THE DEFENDANT:**  No.

22          **THE COURT:**  Okay.  Are you fully satisfied with the

23  advice and information you have received from your lawyer?

24          **THE DEFENDANT:**  Yes.

25          **THE COURT:**  Now, I've got the plea agreement; we were

1   just discussing it.  Have you had sufficient opportunity to

2   read the plea agreement and discuss the plea agreement with

3   your lawyer before signing it?

4           **THE DEFENDANT:**  Yes.

5           **THE COURT:**  Okay.  Are you confident that you

6   understand the terms of the plea agreement?

7           **THE DEFENDANT:**  Yes.

8           **THE COURT:**  Nobody's made you any promises that are

9   not in the agreement, to get you to accept the agreement?

10          **THE DEFENDANT:**  Um, nobody's made any promises

11  outside the plea agreement.  So everything's in there.

12          **THE COURT:**  Great.

13          **THE DEFENDANT:**  Yes.

14          **THE COURT:**  Nobody has threatened you in any way to

15  get to you accept the agreement?

16          **THE DEFENDANT:**  No, nobody's threatened me.

17          **THE COURT:**  And you're pleading guilty of your own

18  free will because you are, in fact, guilty.

19          **THE DEFENDANT:**  Yes.

20          **THE COURT:**  Okay.  So let's talk about what you are

21  pleading guilty to.

22      It says here in the agreement that you are agreeing to

23  plead guilty to Count 1 of the information, which charges you

24  with bank fraud, in violation of 18 U.S.C. Section 1344(1).  Is

25  that consistent with your understanding?

1          **THE DEFENDANT:**  I believe that's the mortgage fraud

2    one, right?  So, yes.

3          **THE COURT:**  Well, the plea agreement calls it "bank

4    fraud."

5          **THE DEFENDANT:**  Oh, okay.

6          **THE COURT:**  Let's pull up the statute and just make

7    sure we have the same understanding.

8          **MR. ZEIDENBERG:**  It is, Your Honor.

9          **THE DEFENDANT:**  Yes, yes, sir.

10         **THE COURT:**  Sorry?

11         **MR. ZEIDENBERG:**  You are correct.

12         **THE DEFENDANT:**  Yes.

13         **THE COURT:**  Okay.  Now, the same paragraph describes

14    the elements of the offense.  And I'll just read them off to

15    you, and I want you to let me know if this is consistent with

16    your understanding.

17        So what you are agreeing that you did is, number one, you

18    knowingly devised or executed a scheme to defraud a financial

19    institution as to a material matter.  Number two, you did so

20    with the intent to defraud the financial institution.  And

21    number three, the financial institution was federally insured.

22        Is that a fair description of what you did?

23             **THE DEFENDANT:**  Yes.

24         **THE COURT:**  Okay.  Let's talk about -- and the other

25    thing Paragraph 1 discusses is the maximum penalties for this

1   crime.

2              **THE DEFENDANT:**  Uh-huh.

3              **THE COURT:**  And so the maximum prison term for this

4   crime is 30 years.  Do you understand that?

5              **THE DEFENDANT:**  Yes.

6              **THE COURT:**  So by pleading guilty, you are

7   potentially exposing yourself to 30 years in prison.  Do you

8   understand that?

9              **THE DEFENDANT:**  Yes.

10             **THE COURT:**  And there's also a maximum fine of

11  $1 million, a maximum supervised-release term of five years, a

12  mandatory special assessment of $100.  And you could be

13  required to pay any restitution that I order.

14      Do you understand that?

15             **THE DEFENDANT:**  Yes.

16             **THE COURT:**  Okay.  Now, I'm looking at Paragraph 2,

17  and it's -- it's a long paragraph, and it has a number of

18  subparts.  But Paragraph 2 is a factual description of what you

19  did.

20             **THE DEFENDANT:**  Uh-huh.

21             **THE COURT:**  And I just want to make sure that you had

22  plenty of opportunity to read this paragraph very carefully

23  before signing the agreement.  Did you -- are you confident

24  that you had plenty of time to read this carefully?

25             **THE DEFENDANT:**  Yes.

1      **THE COURT:**  And did you have plenty of time to

2  discuss this with your lawyer before signing it?

3      **THE DEFENDANT:**  Yes.

4      **THE COURT:**  And does Paragraph 2 contain an accurate

5  description of what you did?

6      **THE DEFENDANT:**  Yes.

7      **THE COURT:**  Okay.  All right.  Now let's talk about

8  the sentencing guidelines.

9      I know that you have a diversion agreement which means

10  that you will be in diversion for up to three years, and

11  there's a possibility that we will never get to the issue of

12  the sentencing guidelines.  But of course, you might be

13  sentenced.

14      **THE DEFENDANT:**  Yes.

15      **THE COURT:**  And so there's reference in your plea

16  agreement to the sentencing guidelines.  And the most important

17  thing you need to know about that, the guidelines, is that they

18  are not binding on me.

19      The sentencing guidelines are only advisory.  I'm required

20  to consult the guidelines when deciding what the appropriate

21  sentence should be, but I'm not bound by the guidelines.  Do

22  you understand that?

23      **THE DEFENDANT:**  Yes.

24      **THE COURT:**  Okay.  And I have the authority to impose

25  a sentence that is more severe or less severe than what is

1    called for by the guidelines.  Do you understand?

2              THE DEFENDANT:  Yes, yes.

3              THE COURT:  Okay.  And even if the government

4    recommends a particular sentence, I have the authority to go

5    higher.  Do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And I won't be able to reach my own

8    conclusion about the appropriate sentence for you until your

9    sentencing hearing, if we get there.  And at that point I will

10   have read the presentence report, and I will have read all the

11   materials submitted by both sides, and that will help me come

12   to a conclusion about the appropriate sentence for you.  Do you

13   understand?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Okay.  And, if we get to that point and I

16   hand down a sentence, if you're not happy with that sentence,

17   that would not give you the right to withdraw your guilty plea.

18   Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Okay.  Now, you understand the offense

21   that you are pleading guilty to is a felony offense?

22             THE DEFENDANT:  Yes.

23             THE COURT:  And by pleading guilty to a felony, you

24   may be giving up some of your civil rights, such as the right

25   to vote, the right to hold public office, the right to serve on

1  a jury, and the right to possess a firearm.  Do you understand

2  that?

3          **THE DEFENDANT:**  Yes, yes.

4          **THE COURT:**  Okay.

5          **THE DEFENDANT:**  Actually, one quick question

6  (Indicating)?

7          **THE COURT:**  Sure.  Take your time.

8      (Off-the-Record discussion between defendant and

9       counsel)

10         **THE DEFENDANT:**  Okay.  Thank you.

11         **THE COURT:**  Okay.  You were able to --

12         **THE DEFENDANT:**  Yes.

13         **THE COURT:**  Whatever issue you had, you were able to

14  get clarified.

15         **MR. ZEIDENBERG:**  I don't know if the Court knows this

16  answer, because I never thought about it, but do the -- the

17  loss of the right to vote, for instance, does that impose at

18  the time of sentencing?  Or would that be effective as of

19  today?

20         **THE COURT:**  It's not a question -- it's not a judge

21  question.  It's a question of statutory law.  And it's going to

22  depend on the jurisdiction that you live in.

23         **MR. ZEIDENBERG:**  We will look into it.  He

24  understands that he may well have given up his right to vote.

25  Certainly at the time of conviction, and maybe as of today.

1   **THE COURT:**  I think it's different in different

2   states, and you have to just know what the law is in that

3   particular state.

4   **MR. ZEIDENBERG:**  Yeah.

5   (Off-the-Record discussion between defendant and

6    counsel)

7   **THE COURT:**  Okay.  And then, I'm going to turn to the

8   paragraph about diversion.  Give me a second.

9   Okay, now, the government has made a couple of promises in

10  this agreement.  And obviously the big one is that if the

11  government determines that you comply with the terms of your

12  diversion period, the government will not object to you

13  withdrawing your guilty plea.  Do you understand that?

14  **THE DEFENDANT:**  Yes.

15  **THE COURT:**  But, but, the most important thing to

16  emphasize there is that it's in the government's sole

17  discretion to determine whether you have complied with the

18  terms of your diversion period.  Do you understand that?

19  **THE DEFENDANT:**  Yes.  Can I ask my legal counsel?

20  **THE COURT:**  You can.

21  (Off-the-Record discussion between defendant and

22   counsel)

23  **THE DEFENDANT:**  Yes.  Thank you.

24  **THE COURT:**  Okay.  And if the government determines

25  that you have not complied with any of the conditions set forth

1   in the plea agreement, you will not be permitted to withdraw

2   your guilty plea.  Do you understand that?

3           THE DEFENDANT:  Yes, I understand.

4           THE COURT:  Let's talk about your trial rights.  You

5   have the right to continue to plead not guilty.  Do you

6   understand that?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And if you continue to plead not guilty,

9   you would have the right to a jury trial.  Do you understand?

10          THE DEFENDANT:  Yes, yes.

11          THE COURT:  And at trial, you would be presumed

12  innocent, and the government would be required to prove its

13  case beyond a reasonable doubt.  Do you understand?

14          THE DEFENDANT:  Yes, I understand.

15          THE COURT:  And you would have the right to counsel

16  at trial, and at every other stage of the proceeding.  Do you

17  understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Okay.  You would have the right to

20  testify in your defense.  You would also have the right not to

21  testify.  And if you chose not to testify, that could not be

22  used against you at trial.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You would have the right to cross-examine

25  any government witnesses, and the right to call your own

1   witnesses in your defense.  Do you understand?

2           **THE DEFENDANT:**  Yes.

3           **THE COURT:**  Okay.  And by entering this guilty plea,

4   you are giving up the trial rights I just described, as well as

5   all other rights associated with a criminal trial.  Do you

6   understand that?

7           **THE DEFENDANT:**  Yes.

8           **THE COURT:**  Okay.  And I think I forgot to mention

9   that through this plea agreement, you're also -- if we get to

10  the point where you are sentenced, you're also giving up the

11  right to appeal your conviction or otherwise collaterally

12  attack your conviction.  And you are giving up the right to

13  appeal your sentence or otherwise attack your sentence, except

14  to argue that you received ineffective assistance of counsel,

15  or that your sentence was imposed in violation of a statute or

16  the Constitution.  Do you understand that?

17          **THE DEFENDANT:**  Yes.

18          **THE COURT:**  Okay.  Is there anything else I should be

19  discussing with Mr. An?

20          **MR. KINGSLEY:**  Your Honor, the only thing is whether

21  we want to cover his obligations under the term of diversion.

22          **THE COURT:**  I'm happy -- do you want to rattle those

23  off, just to make sure that Mr. An understands it?

24          **MR. KINGSLEY:**  Certainly, Your Honor.

25      The plea agreement requires as part of the term of

diversion, in addition to the standard requirement, that Mr. An agree not to commit or attempt to commit any crimes before sentence is imposed or to violate the terms of his pretrial release, provide false information to the Court, Probation, Pretrial Services or the government, and not fail to comply with any other provision in the agreement.

There are four specific provisions.  And one of them is redundant, which says he shall not violate any federal, state or local law.  The other says he will timely make all of his mortgage payments to the Navy Federal Credit Union, and will not default on his mortgage.  And he will report on his payments and any default status as required by the Federal Bureau of Investigation.

He will not apply for any position with the United States government.  And he will not apply for any security clearance, whether for the United States government or any other employer, who will require him to apply for security clearance.  And he will truthfully report to the Federal Bureau of Investigation regarding these issues.

And then there's the one other issue that we discussed before, which is that the security clearance obligation survives the diversionary term.

**THE COURT:**  Okay.  Mr. An, do you understand all of those conditions that are imposed on you?

**THE DEFENDANT:**  Yes.

1      **THE COURT:**  Okay.  Very good.  Anything else?

2      **MR. KINGSLEY:**  That's all I have, Your Honor.

3      **THE COURT:**  Okay.  So, Mr. An, how do you plead to

4  the charge?  Guilty or not guilty?

5      (Off-the-Record discussion between defendant and

6       counsel)

7      **THE DEFENDANT:**  Guilty.  Guilty.

8      **THE COURT:**  Okay.  I find that Mr. An is competent

9  and capable of entering an informed plea, that he's aware of

10  the nature of the charge and the consequences of the plea.  And

11  that the guilty plea is a knowing and voluntary plea, supported

12  by an independent basis in fact, containing each of the

13  essential elements of the offense.

14      I therefore accept the plea, and the defendant is now

15  adjudged guilty of the offense.  So hopefully we will not see

16  each other for another three years.

17      **THE DEFENDANT:**  (Nods head)

18      **THE COURT:**  But should I be referring the -- the

19  matter to the Probation Office for the preparation of a

20  presentence report, in any event?

21      **MR. KINGSLEY:**  No, Your Honor.  Under the terms of

22  the agreement, the parties agree to defer that basically for

23  the term of diversion.  And the plea contemplates setting a

24  status conference in three years.

25      **THE COURT:**  Okay.

1     **MR. KINGSLEY:**  Basically not doing anything, so long

2 as he's abiding by the terms of the agreement.

3     **THE COURT:**  Okay.  And then, and then that status

4 conference in three years could turn into a withdrawal of the

5 guilty plea, or if there's -- if the government is opposed to

6 that, at that point we will refer it for the preparation of a

7 PSR?

8     **MR. KINGSLEY:**  That's correct.  And if he violates

9 before then, we will probably come back before then.

10     **THE COURT:**  Okay.

11     **MR. KINGSLEY:**  But we're not expecting that, of

12 course.

13     **THE COURT:**  That sounds fine.  So do we have any

14 plans on February 24th, 2023?

15     **THE CLERK:**  No, but it's a Friday.

16     **THE COURT:**  Oh, okay.

17     **MR. ZEIDENBERG:**  Can we do it in the morning?

18  I'm just kidding.

19     **THE CLERK:**  That will be February 28th at 10:30, at

20 this point.

21     **MR. ZEIDENBERG:**  February 28th.

22     **THE COURT:**  Did I get the year right?  2023?

23     **THE CLERK:**  Yes.

24     **THE COURT:**  Okay.  I wonder who will be President by

25 then.  Anyway, okay.  Thanks.

1          Good luck to you, Mr. An.

2                    **THE DEFENDANT:**  Thank you very much.

3                    **MR. KINGSLEY:**  Thank Your Honor.

4                    **MR. ZEIDENBERG:**  Your Honor, if I may, I would just

5     like to thank the government on behalf of Mr. An and myself for

6     agreeing to this disposition.  As you probably saw in the plea

7     proffer, it's an unusual set of facts.  And we just appreciate

8     the government appreciating and understanding that it's -- sort

9     of the unique nature, and giving him a chance so that he will

10    not have a felony on him for the rest of his life.

11         So I just wanted to appreciate -- indicate our

12    appreciation on the record of the government for forbearing on

13    that.

14                   **THE COURT:**  Thank you.

15                   **THE DEFENDANT:**  I also want to thank you all very

16    much.  Thank you.

17                   **MR. KINGSLEY:**  Thank you.

18                   **THE COURT:**  Have a good day.

19                   **THE CLERK:**  Court is adjourned.

20         (Proceedings concluded)

21

22

23

24

25

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States

Court, Northern District of California, hereby certify that the

foregoing is a correct transcript from the record of

proceedings in the above-entitled matter.


*Belle Ball*

_____
/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Friday, April 10, 2020